1   **RONALD V. UY, SBN 177157**
    **STEVAN J. HENRIOULLE, SBN 57282**
2   **LAW OFFICE OF UY & HENRIOULLE**
    **1212 Broadway, Suite 820**
3   **Oakland, CA 94612**
    **Telephone:  (510) 835-3730**
4   **Facsimile:   (510) 835-3731**

5   Attorneys for Plaintiff
    TINA T. TRAN
6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  TINA T. TRAN                          )   CASE NO.: C 10-00528 JF
13                     Plaintiff,         )
                                          )
14         vs.                            )   PLAINTIFF'S NOTICE OF MOTION AND
                                          )   MOTION TO REMAND AND REQUEST
15  METROCITIES MORTGAGE LLC;             )   FOR AN AWARD OF ATTORNEY'S FEES
    MORTGAGE ELECTRONIC                   )   AND COSTS
16  REGISTRATION SYSTEMS, INC.; JP        )
    MORGAN CHASE BANK, N.A.; ATLAS        )   DATE:  March 23, 2010
17  FINANCIAL SERVICES; GMAC              )   TIME: 10:00AM
    MORTGAGE; AND DOES 1 THROUGH 50,      )   DEPT:  4th Floor
18  inclusive,                            )   Judge: Magistrate Judge Trumbull, Patricia V.
                                          )
19                     Defendants         )
                                          )   Date  Complaint Filed February 5, 2010
20                                        )
                                          )
21                                        )
                                          )
22                                        )
                                          )
23                                        )
                                          )
24  _____     )

            **NOTICE OF MOTION AND MOTION TO REMAND**
25

                                    1
            PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND
                       CASE NO: C 10-00528 JF

PLEASE TAKE NOTICE that on MARCH 23, 2010 at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom _____, 4th Floor, of the Northern District Court of California at San Francisco, California before the Honorable Patricia V. Trumbull, Plaintiff, TINA T. TRAN, will, and does, move to remand this action to the Superior Court of California for Santa Clara County. Defendants GMAC MORTGAGE, LLC; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'s removal to this Court was defective. This Court, therefore, lacks jurisdiction to proceed with this action.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and records on file in this action, and any further briefs, evidence, authorities, or argument presented before or at the hearing on this motion. Plaintiff respectfully requests an order remanding this action to the Superior Court of California for Santa Clara County, California.

Dated: February 16, 2010

STEVAN J. HENRIOULLE
Attorney for Plaintiff

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND
CASE NO: C 10-00528 JF

RONALD V. UY, SBN 177157
STEVAN J. HENRIOULLE, SBN 57282
**LAW OFFICE OF UY & HENRIOULLE**
1212 Broadway, Suite 820
Oakland, CA 94612
Telephone:  (510) 835-3730
Facsimile:   (510) 835-3731

Attorneys for Plaintiff
TINA T. TRAN

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| TINA T. TRAN<br><br>             Plaintiff,<br><br>      vs.<br><br>METROCITIES MORTGAGE LLC;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.; JP<br>MORGAN CHASE BANK, N.A.; ATLAS<br>FINANCIAL SERVICES; GMAC<br>MORTGAGE; AND DOES 1 THROUGH 50,<br>inclusive,<br><br>             Defendants | CASE NO.: C 10-00528 JF<br><br>PLAINTIFF'S NOTICE OF MOTION AND<br>MOTION TO REMAND AND REQUEST<br>FOR AN AWARD OF ATTORNEY'S FEES<br>AND COSTS<br><br>DATE:     March 23, 2010<br>TIME:     10:00 a.m.<br>JUDGE: PATRICIA V. TRUMBULL<br>DEPT:    4th Floor<br><br><br>Date  Complaint Filed February 5, 2010 |

### NOTICE OF MOTION AND MOTION TO REMAND

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REMAND

## I.   INTRODUCTION

On February 5, 2010, , and TINA T. TRAN ("the Plaintiff") commenced this action in the Superior Court for Santa Clara County, California against the above named Defendants.   The Complaint included eleven named causes of action, but no enumerated violation of Federal law. Defendants nevertheless, removed this case based upon federal question jurisdiction under 28 U.S.C. section 1441.

## II. STANDARD FOR REMOVAL

The propriety of removal turns on whether the case falls within the original jurisdiction of the federal courts. *See* 28 U.S.C. §§ 1331, 1441(b) (2000). Federal question jurisdiction exists if an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2000). Generally, this inquiry is guided by the well-pleaded complaint rule. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S Cal.*, 463 U.S. 1, 9-10, 103 S. Ct. 2841, 2846-2847, 77 L. Ed. 2d 420 (1970) (whether a case "arises under" federal law within the meaning of §§ 1441(b) and 1331 "must be determined from what necessarily appears in the plaintiff's statement of his own claim..."). The plaintiffs are the "master" of their case and, if they can base their claims on both state and federal grounds, their may ignore federal claims, assert only state claims, and defeat removal. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citation omitted).

The removing party bears the burden of establishing subject matter jurisdiction and of overcoming the "strong presumption" against removal. *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992). A court must construe the removal statute strictly and reject jurisdiction if there

is any doubt regarding whether removal was proper. *Duncan, 76 F.3d at 1485; Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)*. Because of concerns for federalism and comity, "[t]he bar is further raised when the removal in question is of an action brought originally by a Plaintiff in a State court." *California v. H&R Block, Inc., No. C 06-2058 SC, 2006 WL 2669045, (N.D. Cal. Sept. 18, 2006)* ("H&R Block") (citation omitted).

Because the Complaint contains only claims under state law, Defendants must demonstrate that the claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue & Mfg., 545 U.S. 308, 313, 125 S. Ct. 2363, 2367, 162 L. Ed. 2d 257 (2005)*. Defendants cannot meet this burden.

## II. ARGUMENT

The action arises exclusively under state law and thus does not allow for federal jurisdiction under 28 U.S.C. § 1331.

Defendants' Notice of Removal fails to set forth any cognizable basis for federal jurisdiction. The claims do not rely on federal statutory violations and Defendants' contention that these claims will necessitate the adjudication of substantial, disputed questions of federal law is spurious. Federal courts routinely reject the argument that state law claims may be removed because they may somehow implicate federal laws, and have remanded those actions to state court. It is also well-settled that a possible defense of compliance with federal law provides no basis for federal question jurisdiction.

The Court should remand this state enforcement action to the Superior Court under 28 U.S.C. § 1447 and § 1452(b). Remand is necessary not only to conform to well-established principles of subject-matter jurisdiction, but also to principles of federalism and comity that protect state enforcement actions such as this from removal to federal courts.

28 U.S.C. 1447(c) provides "If at any time before final judgment it appears that the District Court lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis added). Although a court may retain supplemental jurisdiction over an action with state law claims only, the Ninth Circuit has held that "[i]n the usual case in which federal law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state law claims." *Reynolds v. County of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996). It is undisputed that this action is in its infancy. Indeed, no discovery has taken place and Defendants have not filed a responsive pleading. Thus, the Court should decline to exercise jurisdiction. *Reynolds v. County of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996).

Plaintiff TINA T. TRAN is the masters of her complaint and could have alleged federal causes of action since the federal government regulates mortgage lending. However, Plaintiff made a "straightforward tactical decision" to choose between federal claims and a state forum. *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490-91 (9th Cir. 1995). The Supreme Court has unequivocally held that "the plaintiff is the master of the complaint . . . [and] may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987). Consequently, this Court should remand this action to Plaintiffs' chosen forum – the Superior Court of Santa Clara County, where the action was filed.

Plaintiff does indeed note that violations of Federal law occurred during this loan and the foreclosure proceedings (including "TILA," "RESPA," and other "Federal laws"), but she has patently declined to state causes of action based on those violations. Instead, Plaintiff simply mentioned those violations in passing. As a practical matter, most mortgage loans are regulated

by federal statues and regulations that supplement common law and state statutes, so illegal loans like this one will violate both state law and federal law, and Plaintiff, as "master of the complaint" may "eschew claims based on federal law." *Caterpillar, Inc. v. Williams*, 482 U.S. at 399.

Prudential reasons favor remand.  Judicial efficiency will not be served if this Court retains jurisdiction.  This Court has yet to rule on any of the current issues in this action.  The Superior Court of Santa Clara County is well equipped to decide the state law causes of action at issue here.  Since state Courts routinely address these issues, the Superior Court's expertise will lead to judicial efficiency.

### The Complaint's State Law Claims Do Not Present a Federal Question.

The claims of Plaintiffs under California's unfair competition laws do not require the Court to resolve a federal question. Defendants' removal is based on the false premise that liability under B&P Code section 17200  will turn on whether Defendants violated a federal statute, specifically TILA or RESPA. Defendant's contention is spurious because it ignores the well-pleaded complaint rule, as the Complaint contains no reference to TILA or RESPA as causes of action.

Plaintiffs' complaint concerns Defendants' business practices with regard to mortgage loans. The Complaint identifies several acts or practices that violate California's unfair competition law, B&P Code section 17200. Any one of those allegations supports liability under section 17200 and not one contains a reference to any federal statute or regulation, including TILA or RESPA as the stated cause of action. Plaintiff can show that Defendants violated section 17200 without relying on federal law.  Plaintiff can establish her claim under section 17200 by showing that Defendants' conduct was unlawful, or unfair, or fraudulent, as defined by California law, and without reliance on federal laws. Thus, Plaintiff's allegation that Defendant's conduct violates section 17200 supports a claim under the "unlawful" prong of section 17200, while

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND
CASE NO: C 10-00528 JF

separate allegations support claims under section 17200 that Defendants acted unfairly and fraudulently. In sum, Plaintiff "need not depend on [a] violation of federal law to bring [their section 17200] claim. There is no 'basic' or 'pivotal' federal question that impinges on [Plaintiff's] right to relief." *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1046 (9th Cir. 2003).

Even if the Plaintiff's state law claims did rely on federal statutory violations, that would not support removal here they do not. Supreme Court precedent does not permit Defendants to simply ignore the Complaint. *Grable*, 545 U.S. at 313; *Franchise* Tax Bd., 463 U.S. at 13.

**This Action Must Be Remanded to State Court Because Adjudication of the Plaintiffs' Claims Does Not Necessarily Involve the Determination of a Substantial, Disputed Question of Federal Law.**

When, as here, federal law does not create the causes of action asserted on the face of the complaint, "the question is, does a state-law claim necessarily raise a tainted federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. The answer to that question here is a resounding, "No." Not only is federal law not essential to adjudication of Plaintiff's claims, but removal would upset the federal-state line drawn by Congress and strain the federal docket by causing claims ordinarily heard in state courts to be filed in or transferred to federal court. Remand, therefore, is required.

**Federal Law Is Not "Necessary" to Sustain the Causes of Action Under Business & Professions Code Sections 17200 .**

To support removal, Defendants must show that federal law is essential to any theory upon which Plaintiff's causes of action could be sustained. *Duncan v. Stuetzle*, 76 F.3d at 1486. Defendants cannot meet that burden.

**Even if the Plaintiff's State Law Claims Somehow Implicate Federal Law,**

**That Does Not Confer Federal Question Jurisdiction.**

Defendants  may attempt to bolster their removal by selectively quoting partial phrases of the Complaint, ignoring that these phrases are part of Plaintiff's lengthy description of how Defendant's compensation system aided and abetted brokers in breaching their fiduciary duties to borrowers and fueled Defendant's deceptive scheme to mass produce loans for sale on the secondary market.  These contextual, descriptive statements, however, do not create a federal question. _Caggiano v. Pfizer Inc._, 384 F. Supp. 2d 689, 690 (S.D.N.Y. 2005); _Cont'l Forge v. S. Cal. Gas. Co._, 170 F. Supp. 2d 1052, 1058 (D. Nev. 2001).

Moreover, federal courts have routinely rejected Defendants' argument that state unfair and deceptive acts or practices (UDAP) claims may be removed because they may somehow implicate federal laws, and have remanded those actions to state court. _In Coleman v. Beazer Homes Corp._, No. Civ. 3:07CV312, 2008 WL 1848653, at *4 (W.D.N.C. Apr. 23, 2008), for example, the court rejected removal jurisdiction based on similar grounds that Defendants assert here. Defendants in Coleman argued that plaintiffs' state law fraud and UDAP claims would turn on whether defendants' disclosure of broker compensation and the terms of mortgage loans were accurate and conformed to TILA and RESPA.  The court rejected that contention, holding that "while the Defendants may be correct that the disclosure requirements of TILA and RESPA may be implicated by the Plaintiffs' claims, the existence of such federal issues does not confer federal-question jurisdiction in this case." _Smith v. American Int'l Group, Inc._, No. 2:05-CV-1065-MEF, 2006 WL 319180 (M.D. Ala. Feb. 10, 2006) (rejecting removal based on TILA, where state law claims do not invoke statute); _Greer v. Crown Title Corp._, 216 F. Supp. 2d 519 (D. Md. 2002) (action did not arise under RESPA despite numerous references to statute; case

remanded); *Easterling v. Gulf Guar. Ins. Co., 60 F. Supp. 2d 586, 588 (S.D. Miss. 1999)* (case remanded where TILA involved "only in an insubstantial way").

### Alternative and Independent Theories Support Plaintiff's State Law Claims.

Where alternative and independent theories support a state law claim, federal law is not a "necessary" component of the claim and the case must be remanded. *Lippitt v. Raymond James Fin. Servs., Inc.* 340 F.3d 1033 (9th Cir. 2003); *Rains v. Criterion Sys.,* 80 F.3d 339 (9th Cir. 1996); *Roskind v. Morgan Stanley Dean Witter.& Co.,* 165 F. Supp. 2d 1059, 1067 (N.D. Cal. 2001); *Mangini v. R.J. Reynolds Tobacco Co.,* 793 F. Supp. 925, 927 (N.D. Cal. 1992); *Holliman v. Kaiser Found. Health Plan,* No. C-06-0755 SC, 2006 WL 662430 (N.D. Cal. Mar. 14, 2006).

In *Lippitt,* the plaintiff alleged that the defendants' misleading and deceptive practices associated with the sale and marketing of callable CDs violated section 17200. 340 F.3d at 1041. In support of his claim that the defendants' conduct was unlawful, the plaintiff "describe[d] the alleged conduct of the defendants in terms that track[ed] almost verbatim ... misdeeds proscribed by" New York Stock Exchange Rules. *Id.* at 1037. The defendants removed the case and argued that the plaintiff sought to enforce federal laws, specifically the Securities Exchange Act and rules promulgated by the New York Stock Exchange. *Id.*

The court rejected this argument and concluded that removal was improper because the plaintiff did not have to rely on federal law to prove his section 17200 claim; rather, he could establish this claim by alternatively showing that the defendants' conduct was "unfair" or "fraudulent," thereby creating an independent basis for the claim. Accordingly, federal jurisdiction did not attach. *Id.* at 1043; *see also Bolden v. KB Home,* No. CV08-02682 DDPFFMX, 2008 WL 2899728, *9 (C.D. Cal. Jul. 24, 2008) (section 17200 claim alleging defendants violated federal real estate appraisal standards incorporated in California's real estate law did not create a federal issue; where state claim could be supported by alternative and

1   independent theories federal law is not necessary to claim).

2        Similarly, in _Fardella v. Downey Sav. & Loan Ass 'n_ No. 00-4393, 2001 WL 492442

3   (N.D. Cal. May 9, 2001), plaintiffs alleged that payment of a broker's rebate out of real estate

4   loan proceeds as payment for securing the loan at an "above par" interest rate violated B&P

5   Code sections 17200 and other state laws. Defendants removed the action, asserting that the state

6   law claims depended on RESPA and TILA because a single paragraph in the complaint alleged

7   that the broker's rebate violated both state and federal laws. The court granted plaintiffs' motion

8   for remand, finding that federal law was not necessary to plaintiffs' right to relief because they

9   could prevail by showing either that the rebate violated RESPA or TILA or California law. Even

10  if the Plaintiffs' claim that a rebate was unlawful rested solely on establishing a federal violation,

11  federal question jurisdiction was still absent because Plaintiffs could show that the rebate was an

12  unfair, rather than unlawful, business practice. _Id._

13       In _H&R Block, Inc.,_ the court held that the allegation that Block violated TILA was not

14  an essential part of the section 17200 claim because the State could prevail by proving any one

15  of eight predicate violations. 2006 WL 2669045, at *4. Numerous courts have reached the same

16  result and remanded UDAP claims for lack of federal question jurisdiction.[1]

17       **Defendants Cannot Establish Federal Question Jurisdiction by Relying on Federal**

18       **Law as a Defense.**

19       Defendants may argue that removal is appropriate because a number of California

20  statutes incorporate federal law standards. Cal. Civ. Code § 2958, Cal. Fin. Code § 50308, and

---

[1]  _See, e.g., New York v. Dell, Inc.,_ 514 F. Supp. 2d 397, 400 (N.D.N.Y. 2007) (remand where federal
claims were alternate theories for the state law claims); _Rubin v. MasterCard Int'l,_ 342 F. Supp. 2d 217
(S.D.N.Y. 2004) (failure to make adequate disclosures actionable under the Florida statute irrespective of
whether plaintiff invokes federal law; remand ordered); _Howery v. Allstate Ins. Co.,_ 243 F.3d 912 (5th Cir.
2001) (remand where federal law violation not an essential element of the state law claim); _Cavette v.
Mastercard Int'l Inc.,_ 282 F. Supp. 2d 813, 819 (W.D. Tenn. 2003) (state failure-to-disclose claim did not
involve "substantial" or "necessary" interpretation of TILA).

Cal. B&P Code § 10240). None of these statutes are pleaded in the Complaint. But even if they were, that still would not provide grounds for removal. Removal cannot be predicated on the presence of federal law as a defense. *Franchise Tax Bd.*, 463 U.S. at 14 ("since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiffs complaint"). *See also Fardella*, 2001 WL 492442, at *3

Finally, Defendants may attempt to rely on *California ex rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004), to support the proposition that federal question jurisdiction is proper where a state lawsuit turns upon Defendant's compliance with a federal regulation. That case is inapposite here because, the statute at issue in *Dynergy* provided for exclusive federal court jurisdiction, but TILA and RESPA do not. *See Wertz v. Wash. Mutual Bank*, No. 2:08-CV-317-GEB-KJM, 2008 WL 1882843 (E.D. Cal. Apr. 24, 2008) (distinguishing *Dynergy* as involving a statute providing for exclusive federal court jurisdiction).

## If This Court Determines That It Has Jurisdiction Under 28 U.S.C. § 1334, It Should Remand the State Court Action Under 28 U.S.C. § 1452(b).

This Court may remand Plaintiff's action on any equitable grounds. 28 U.S.C. § 1452(b). In order to determine whether equitable remand is appropriate, courts consider the same factors used to determine whether permissive abstention is appropriate under 28 U.S.C. § 1334(c)(2). *See Schulman v. Cal. State Water Resources Control Bd.*, 200 B.R. 358, 372-73, 374 (Bankr. C.D. Cal. 1996) (identifying 11 factors), reversed on other grounds, 237 F.3d 967 (9th Cir. 2001). Courts may also consider "judicial economy; comity and respect for state court decision-making capabilities;... and the prejudice to other parties to the action." *W. Helicopters, Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1, 6 (Bankr. E.D. Cal. 1988).

The majority of these factors favor remanding Plaintiff's action to state court. Plaintiff's action is not a "core" proceeding, as it does not arise under title 11, nor does it arise in or relate to any case under title 11, as described in Section IV.D.2. above. Plaintiff's causes of action are based entirely on state law. Thus, remanding this action to state court will not in any way prejudice the Defendants.

The interests of comity also favor remand, as the state court is fully capable of deciding state law issues and is in the best position to decide the complex issues raised in the Plaintiff's action. From the standpoint of judicial economy, removal to federal court will not conserve judicial resources, as there is no pending bankruptcy case or other action to which Plaintiff's action is related. Finally, this Court has no jurisdiction over the Plaintiff's claims, as set forth above.

**The Federal Government's Interest in Providing a Forum for TILA and RESPA Disputes Is Not Sufficiently Substantial to Justify Removal, and Allowing Removal Would Effectively Federalize a Large Number of Garden-Variety, State Law Claims, Which Is Contrary to Grable.**

Even if federal law were "necessary" to Plaintiff's claims in this case - which it is not - removal still would be improper under *Grable* because there is no substantial federal issue in dispute. Removal requires a "substantial" federal issue, indicating a "serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable,* 545 U.S. at 313; *see also Merrell Dow,* 478 U.S. at 812, 814 n.12. Congressional determination not to preempt state law remedies weighs strongly against removal, particularly where allowing removal would herald a shift into the federal court cases ordinarily heard in state court. *Grable,* 545 U.S. at 316-317.

TILA applies to the written disclosures that creditors provide to borrowers and sets parameters for how credit terms such as finance charges and annual percentage rates are presented in those written disclosures. 15 U.S.C. §§ 1631,1632,1635, 1638 (2006). TILA includes an explicit preservation of a state's right to enforce disclosure requirements, indicating that Congress did not deem it important for federal courts to decide all cases that might raise TILA issues. *See* 15 U.S.C. § 1610 (2006) ("Except as provided in subsection (e) ..., parts B and C of this subchapter do not annul, alter, or affect, the laws of any State relating to the disclosure of information in connection with credit transactions, except to the extent that those laws are inconsistent with the provisions of this subchapter and then only to the extent of the inconsistency."). Thus, TILA does not "govern[] the disclosure of the terms under which interest rates adjust, the possibility of negative amortization, and credit advertising generally" to the exclusion of all other laws, as Defendants may suggest.

In *Evans v. Courtesy Chevrolet II,* 423 F. Supp. 2d 669 (S.D. Tex. 2006), plaintiff sued under a Texas statute that made TILA's disclosure requirements under 15 U.S.C. §§ 1601-1666j and Regulation Z applicable to all retail installment transactions. The court remanded the action based on TILA's savings clause and also because "[a]llowing federal jurisdiction in all cases arising out of disputes over disclosures in installment contracts for purchasing cars ... portends a significant transfer of judicial responsibilities from state to federal courts." *Id.*

Allowing federal jurisdiction in cases brought under California's unfair competition and false advertising laws that do not rely on TILA or RESPA on the grounds that those federal statutes are somehow implicated would significantly redraw the line between state and federal authority. *Grable,* 545 U.S. at 514 (courts must be careful to avoid "upsetting the state-federal line drawn (or at least assumed) by Congress"). Further, numerous California statutes either

require compliance with or reference TILA [2] or RESPA.[3] Allowing federal jurisdiction in all cases arising under these statutes would federalize a large number of garden-variety state law claims. Such a transfer of responsibility is neither appropriate nor necessary as California courts frequently adjudicate claims, both state and federal, that implicate TILA and RESPA.[4]

### Plaintiff's Entitlement to and Request for Attorneys' Fees and Costs

Plaintiff has incurred attorneys' fees and costs in conjunction with the preparation of this Motion for Remand and related matters and issues. 28 U.S.C. §1447(c), as amended in 1998, provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred result of the removal." The intent of the statute is to reimburse a party, Plaintiff, who has incurred expenses in attacking an insufficient removal. Plaintiff seeks an award of $10,000.00 as attorneys' fees and costs for the improper removal of this action to the United States District Court.

---

[2]  *See, e.g., Cal. B&P Code §§ 7163 (home improvement contracts), 7165 (swimming pool contracts), 22251 (tax refund anticipation loans); and Cal. Civ. Code §§ 1632 (foreign language contracts), 1747(credit cards), 1799.203 (consumer contracts), 1801 (retail installment sales), 1808.8 (add-on sales), 2981 (automobile sales financing), and 2985.7(vehicle leasing).*
[3]  *See, e.g., Cal. B&P Code § 10240 (real estate loans); Cal. Civ. Code § 2954.1 (accounts maintained for property-related payments); and Cal. Fin. Code §§ 4052 (financial privacy), 17425 (making violation of RESPA a violation of Cal. escrow regulations), 50505 (making violation of RESPA a violation of Cal. Residential Mortgage Lending Act).*
[4]  *Pac. Shore Funding v. Lozo, 138 Cal. App. 4th 1342,42 Cal. Rptr. 3d 283 (2006); Johnson v. Capital One Bank, 120 Cal. App. 4th 942, 15 Cal. Rptr. 3d 917 (2004); Weber v. Langholz, 39 Cal. App. 4th 1578, 46 Cal. Rptr. 2d 677 (1995); King v. Central Bank, 18 Cal. 3d 840, 135 Cal. Rptr. 771 (1977). ., McKell v. Wash. Mutual, 142 Cal. App. 4th 1457,49 Cal. Rptr. 3d 227 (2006) (holding that section 17200 claim based on violation of RESPA); Wanger v. EMC Mortgage Corp., 103 Cal. App. 4th 1125, 127 Cal. Rptr. 2d 685 (2002) (determining whether notice of transfer requirements violated); Wash. Mutual Bank v. Super. Ct., 75 Cal. App. 4th 773, 89 Cal. Rptr. 2d 560 (1999) (holding state law claims based on RESPA violations not expressly preempted by federal law).*

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND
CASE NO: C 10-00528 JF

1

**CONCLUSION**

2

For the foregoing reasons, Plaintiff respectfully requests that this Court remand this

3

action to the Superior Court of California in Santa Clara County.

4

5    Dated:  February 16 , 2010.

6

7                                                        Stevan Henrioulle, Esq.
                                                         Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND
CASE NO: C 10-00528 JF