---

\*\*E-Filed 5/12/2010\*\*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| TINA T. TRAN,<br><br>    Plaintiff,<br><br>    v.<br><br>METROCITIES MORTGAGE LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JP MORGAN CHASE BANK, N.A.; ATLAS FINANCIAL SERVICES; GMAC MORTGAGE; AND DOES 1 THROUGH 50, inclusive,<br><br>    Defendants. | Case Number C 10-00528 JF (PVT)<br><br>**ORDER[1] GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Docket Nos. 5, 6, 7, 13, 15, 17 |

## I. BACKGROUND

This action arises out of a residential mortgage transaction. Plaintiff Tina T. Tran ("Plaintiff") resides at 1619 Crestview Drive, Los Altos, California 94024 ("the Property"). Complaint ¶ 2. Plaintiff alleges that she obtained a mortgage loan for $1,500,000.00 ("First Loan"), secured by a deed of trust encumbering the Property that was recorded on or about August 31, 2004. *Id.,* Ex. A (First Deed of Trust) (indicating that the Deed of Trust was executed August 16, 2004). The First Deed of Trust identifies Defendant Metrocities Mortgage LLC, doing business as No Red Tape Mortgage ("Metrocities"), as the lender, Fidelity National Loan Portfolio Solutions as trustee, Mortgage Electronic Registration Systems, Inc. ("MERS") as

---

[1] This disposition is not designated for publication in the official reports.

Case Number C 10-00528 JF (PVT)
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
(JFLC1)

the beneficiary and Plaintiff as the borrower. *Id.*

Plaintiff alleges generally that in negotiating this loan, Atlas Financial Services ("Atlas"), which acted as her broker failed to provide "various initial disclosures that are required by law," including "a good faith estimate of interest charges and truth in lending statements for variable rate loans." *Id.* ¶ 18. In addition, Plaintiff alleges that "Atlas entered incorrect information in Plaintiff's loan application in order to earn fees by brokering a loan between Plaintiff and Metro that Plaintiff was not qualified for and was not suitable for Plaintiff's financial condition." *Id.* ¶ 19. Plaintiff claims that Metrocities "neglected its duties as a lender and underwriter by failing to request verification of income or assets" and "knew, or should have known" that the "information that Atlas entered into Plaintiff's loan application...was false." *Id.* ¶ 20; *see also* ¶ 23 (alleging that Plaintiff signed a 4506-T Income Tax Disclosure form that allowed Metrocities to check Plaintiff's income and that Metrocities failed to do so). Defendant GMAC Mortgage, LLC ("GMAC") now is "collecting, or attempting to collect, payments from Plaintiffs for Plaintiffs [sic] first loan, secured by the Deed of Trust and Note." *Id.* ¶ 34.

Plaintiff alleges that she then obtained another mortgage loan for $150,000.00 ("Second Loan") secured by a deed of trust encumbering the Property that was recorded on or about April 13, 2006. *Id.*, Ex. C. The deed of trust on the Second Loan identifies Defendant JP Morgan Chase Bank ("JP Morgan") as the lender and beneficiary and Plaintiff and Charles Tran aka Chan Tran as the borrowers. *Id.* Finally, Plaintiff claims that she did not discover the "true terms of the loan" until she received a "forensic loan audit mortgage compliance analysis report from Patrick Pulatie of Loan Fraud Investigations (LFI)." *Id.* ¶ 35.

On December 24, 2009, Plaintiff filed the operative complaint in the Santa Clara Superior Court alleging ten state law causes of action, including a claim under the California Business and Professions Code § 17200.[2] That claim alleges that "Atlas, Metro and JPM committed unfair competition under Section 17200 through the commission of facts previously mentioned as well

---

[2] Plaintiff's other state law claims for relief include: fraud, misrepresentation, breach of fiduciary duty, negligence, accounting, quiet title, declaratory relief, injunctive relief, and cancellation of void instrument.

2

Case Number C 10-00528 JF (PVT)
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND
(JFLC1)

as numerous violations of federal and state statutes or regulations." *Id.* ¶ 62. Plaintiff also alleges that "Defendant Atlas' failure to provide Plaintiff with a Loan Origination Agreement and proper disclosure documents constitutes unfair competition because it is an unlawful and unfair act." *Id.* ¶ 63. In addition to these general allegations of unfair business practices, Plaintiff's UCL claim alleges that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), the Equal Credit Opportunity Act ("ECOA"), and the Truth in Lending Act ("TILA"). *Id.* ¶¶ 64, 65, 66.

On February 5, 2010, GMAC and MERS removed the instant action to this Court pursuant to 28 U.S.C. § 1441 and § 1331 on the basis that references by Plaintiff to RESPA, ECOA, and TILA raise a federal question. Notice of Removal ¶ 3. Plaintiff moves to remand and requests attorney's fees and costs. GMAC and MERS oppose the motion.[3] Also before the Court are three separate motions to dismiss Plaintiff's complaint, one filed by GMAC and MERS, the second filed by Metrocities, and the third filed by JP Morgan. GMAC, MERS, and Metrocities also move in the alternative to strike Plaintiff's request for punitive damages and particular paragraphs that request punitive damages, while Metrocities in the alternative also moves for a more definite statement.

## II. MOTION TO REMAND

**A. Legal Standard**

**1. Removal**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts...have original jurisdiction." 28 U.S.C. § 1441(a). Removal, therefore, is only proper when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. *See* 28

---

[3] JP Morgan filed a responsive brief to Plaintiff's motion to remand asserting that it takes "no position" regarding that motion. JP Morgan Response at 1-2. However, JP Morgan does contend that to the extent that Plaintiff seeks monetary sanctions generally against "Defendants," such sanctions should not be imposed against JP Morgan because it was not a removing party. JP Morgan also informs the Court that it filed a demurrer prior to removal and subsequently filed the motion to dismiss presently before the Court.
Metrocities has not filed opposition to Plaintiff's motion to remand.

3

U.S.C. §§ 1331, 1332(a). "The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears the burden of establishing that removal is proper." *Provincal Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

### 2. Federal Question Jurisdiction

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000), quoting *Audette v. In'tl Longshoremen's and Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999). "Under that rule, [a court] must look to 'what necessarily appears in the plaintiff's statement of his [or her] own claim..., unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.'" *Id.* at 1014-15, quoting *Oklahoma Tax Comm'n v. Graham*, 489 U.S. 838, 841, 109 S.Ct. 1519, 103 L.Ed.2d 924 (1989). "In addition, the plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citation omitted).

Even when the face of a plaintiff's complaint does not allege a claim arising exclusively under federal law, removal still may be proper. "Under the artful pleading doctrine, a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint...The artful pleading doctrine allows courts to delve beyond the face of the state court complaint and find federal question jurisdiction by recharacterizing a plaintiff's state-law claim as a federal claim." *Lippit v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (citation and quotation marks omitted). "Since its first articulation...courts have used the artful pleading doctrine in: (1) complete preemption cases, and (2) substantial federal question cases. Subsumed within this second category are those cases where the claim is necessarily federal in character, or where the right to relief depends on the resolution of a substantial, disputed federal question." *Id.*

4

at 1041-1042 (internal citations and quotation marks omitted).

In determining whether a state law cause of action arises under federal law and confers federal question jurisdiction, the proper "question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005).

**B. Discussion**

Plaintiff contends that all of the claims for relief alleged in her complaint are grounded in California statutory and common law. She concedes that her UCL claim mentions federal law, but she argues that the UCL claim does not depend only on federal law and has merit on separate state law grounds. Motion to Remand at 5-6. ("Plaintiff does indeed note that violations of Federal law occurred during this loan and the foreclosure proceedings (including 'TILA,' 'RESPA,' and other 'Federal laws'), but she has patently declined to state causes of action based on those violations. Instead, Plaintiff simply mentioned those violations in passing. As a practical matter, most mortgage loans are regulated by federal statutes and regulations that supplement common law and state statutes, so illegal loans like this one will violate both state law and federal law, and Plaintiff, as 'master of the complaint' may 'eschew claims based on federal law.'"), citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed 2d 318 (1987).

GMAC and MERS argue that because federal law appears on the face of the complaint, there is federal jurisdiction. GMAC and MERS rely upon *Moore v. Chase Bank,* No. 08-0350 SC, 2008 WL 314664 (N.D. Cal. Feb. 4, 2008) in support of their argument. In *Moore*, the court denied plaintiff's motion to remand because the "right to relief necessarily depend[ed] on resolution of a substantial question of federal law." *Id.* at *2, quoting *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). However, GMAC and MERS neglect to address the fact that the complaint in this case also alleges that "Atlas, Metro and JPM committed unfair competition. . .

through the commission of facts previously mentioned as well as numerous violations of federal and state statutes or regulations," *id.* ¶ 62, and that "Defendant Atlas' failure to provide Plaintiff with a Loan Origination Agreement and proper disclosure documents constitutes unfair competition because it is an unlawful and unfair act." *Id.* ¶ 63.

The Ninth Circuit has held that 'the invocation of [federal law] as a basis for establishing an element of a state law cause of action does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose." *Rains v. Criterion Syst.*, 80 F.3d 339, 345 (9th Cir. 1996). In addressing allegations nearly identical to those in the operative complaint here, several district courts have determined that because the "UCL claim is supported by numerous theories of recovery under California law, the alleged violation of TILA[, RESPA, and ECOA are] not considered [] necessary element[s] under *Rains*." *Briggs v. First National Lending Services*, No. C 10-00267 RS, 2010 WL 962955, at *3 (N.D. Cal. Mar. 16, 2010); *see also Martynov v. Countrywide Financial Corp., et al.,* No. 2:09-cv-03596-GEB-GGH, 2010 WL 1644570, at *2 (E.D. Cal. Apr. 21, 2010); *Montoya v. Mortgageit Inc., et al.*, No. C 09-05889 SI, 2010 WL 546891, at *2 (N.D. Cal. Feb. 10, 2010) ("[T]he complaint alleges both unfair practices and federal violations as the basis for the UCL claim. The reference to alleged RESPA, ECOA, and TILA violations are not a necessary element of the § 17200 claim because plaintiff could prevail on that claim by showing any 'unlawful, unfair, or fraudulent practice' independent of the federal law allegations."); *Myung v. Washington Mutual Bank, et al.*, No. CV 09-7581 PA (Jcx), 2009 WL 4123467, at *2 (C.D. Cal. Nov. 23, 2009).

"When a claim can be supported by alternative and independent theories – one of which is a state law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains*, 80 F.3d at 346. As was the case in *Rains*, Plaintiff's UCL claim is supported by numerous theories of recovery under California law, and thus Defendants' alleged violations of TILA, ECOA, and RESPA are not necessary elements of the claim. Accordingly, the Court concludes that Plaintiff's reference to federal law within her UCL claim is insufficient to establish federal subject matter jurisdiction and will remand the instant

action to state court.

Plaintiff requests attorney's fees pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). GMAC and MERS present an "objectively reasonable" basis for federal jurisdiction – Plaintiff's explicit reference to federal statutes in her complaint. Accordingly, Plaintiff's request for attorney's fees and costs will be denied.

### IV.  ORDER

Good cause therefore appearing Plaintiff's motion to remand is GRANTED. The action is hereby remanded to the Santa Clara Superior Court. Defendants' motions to dismiss are terminated without prejudice as moot. The Clerk shall transmit the file to the Santa Clara Superior Court.

**IT IS SO ORDERED.**

DATED: 5/12/2010

_____
JEREMY FOGEL
United States District Judge